## Baker v. Wofford.

Judgment affirmed.

NOTE 26.—Watts *v.* Harding, 5 T., 386.

---

## [**122**] BAKER v. WOFFORD.

The act which requires the residence of the parties to be stated in the petition does not apply where it is alleged that the defendant is a transient person.
Where a defendant is sued as a transient person, it is not necessary to state in the petition that he is "found" at the time in the county where suit is brought. It is sufficient if the return of the sheriff show that he is found there.

Appeal from Walker. The appellant brought suit against the appellee, in the District Court of Walker county, to the Fall Term, 1849. The petition, in its commencement, states that the defendant is "late of Polk county, but now a transient person, having no particular residence." In the conclusion of the petition it is also stated that "said Wofford is now a transient person, having no fixed residence, at this time, anywhere."

The defendant, having been served with process by the sheriff of Walker county, appeared and at the same time excepted and pleaded in abatement to the jurisdiction of the court, as follows:

1. "The petition does not charge or state that the defendant was, at the commencement of this suit or at any other time, within the limits or bounds of the county of Walker."

2. "And for further answer, said defendant says that he was, at the commencement of said suit, and ever since that time has continued to be and now is, a resident of Polk county, and that he was only liable to be sued in said Polk county."

The defendant further excepted to the petition, and answered, setting up matters in avoidance of the cause of action sued on, but which, from the disposition made of the case by the court, it is not material to notice. The cause being heard upon the first exception to the petition, the exception was sus-

Baker v. Wofford.

tained [**123**] and the case dismissed; and from this judgment the plaintiff appealed.

*Yoakum*, for appellant.

I. The statute provides that a transient person may be sued "in whatever county he may be found." By whom "found"? By the plaintiff or by the sheriff? By the latter clearly.

II. The statute requires the residence of the parties to be stated, if known.

The petition states that the defendant is a "transient person, having no fixed residence." It will hardly be contended that the plaintiff was bound to state the residence of a defendant who had no residence.

WHEELER, J. The only question presented by the record is that raised by the first exception, as to the necessity of an averment in the petition of the presence of the defendant in the county at the time of the commencement of the suit.

The act to regulate proceedings in the District Courts (Acts of 1846, p. 363, sec. 1) provides that "no person who is an inhabitant of this State shall be "sued out of the county where he has his domicile," with certain exceptions, of which the *second* is, "in case the defendant is a transient person, in "which case he may be sued in whatever county he may be found." The 5th section of the act requires that the petition shall state the residence of the parties, if known. In the absence of this provision, it would not be necessary, in general, to state the residence of the defendant; but if sued out of the county of his residence, that would be matter of defense; and the requirement does not apply to a case like the present, and cannot, therefore, furnish the rule for the government of this case. By the common law, in a transitory action like the present, the plaintiff might lay the venue in any county; and it was optional with him where he would bring his suit. The first section of the act above cited prescribes a different rule where the defendant is an inhabitant of the State; that is, that he shall not be sued out of the [**124**] county where he has his domicile. But the *exception* cited takes the case of the defendant, who is a transient person, out of the general rule prescribed by the statute, and makes him liable to be sued wherever found. Where the defendant has a residence, the statute requires it to be stated in the petition; but where he has none, there is no statute which requires a statement of the place where he is or may be found. And we are aware of no rule or principle of law which requires that statement. His case does not come within the statutory rule requiring the statement of his residence; and by the common law it was not necessary. There was no necessity for that statement in the present case. It was enough that the petition alleged in effect that the defendant was a transient person, having no domicile, and that the return upon the citation showed that he was found by the sheriff in the county where the suit was brought. If in truth, as stated in the plea in abatement, he had a residence in a county other than that in which he was sued, the proof of that fact will defeat the action; but the objection was not well taken by exception to the petition, and it was error to dismiss the case upon that exception. The judgment must therefore be reversed and the cause remanded for further proceedings.

Judgment reversed.