### MORE et al. v. SHEPARD et al.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 221*)—CLAIMS AGAINST ESTATE—SUPPORT OF RELATIVE—EVIDENCE.

　　Evidence in action against decedent's estate held insufficient to establish an implied understanding or agreement that the services of a son in caring for his mother during the last years of her life should be paid for.

　　[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 221.*]

2. WORK AND LABOR (§ 7*)—SERVICES TO RELATIVE—PRESUMPTIONS.

　　It is presumed that support and care furnished by a son to his mother in the absence of an agreement to pay therefor is gratuitous, and precludes the idea that the mother had any intention to pay, or that the son intended that he should be paid, therefor.

　　[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 11½; Dec. Dig. § 7.*]

3. EXECUTORS AND ADMINISTRATORS (§ 221*)—CLAIMS AGAINST ESTATE—SERVICES TO RELATIVE—WEIGHT OF EVIDENCE.

　　A claim by a son against his mother's estate for services and care furnished to her during the last years of her life will be scrutinized with care, and admitted only when proved by clear and convincing testimony.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 903½; Dec. Dig. § 221.*]

　　Sewell, J., dissenting.

Appeal from Special Term, Delaware County.

Claim by David More and another, as administrators of the estate of James Burrhus, deceased, against Charles W. Shepard and anoth-

------

er, as administrators of the estate of Sally Ann Burrhus, deceased. From a judgment for plaintiffs on the decision of a referee, defendants appeal. Reversed on the law and the facts.

The claim is one for board and care of one Sally Burrhus in favor of the estate of her son, James Burrhus. It was disputed by the administrator of Sally, and was referred under the statute. The referee has found that the plaintiffs' intestate, James Burrhus, furnished board, lodging, and care to the defendants' intestate for 254 weeks between the 5th day of May, 1901, and the 4th day of July, 1906, and that the latter promised and agreed to pay said James Burrhus what the same were reasonably worth, and that the worth was $4 per week. He has allowed as credit upon such claim the sum of $480 paid by the mother to apply thereon, and also the further sum of $39.50 for certain materials furnished by her. He has given judgment for the balance besides costs, and the defendants appeal.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

A. D. Peake, for appellants.
Marvin & Hanford, for respondents.

CHESTER, J. The claim as filed shows the payment by the mother from time to time of considerable amounts of money amounting all told to $480 as credits upon the claim, but there is absolutely no proof in the case of any contract or promise or agreement by the mother to pay her son for board or care. Neither do we think any such agreement or understanding to pay can be inferred or implied from the circumstances appearing here. The payments of cash made by the mother to the son were irregular in time and in amount. Besides these, she paid for certain materials, coal, etc., furnished by her for use in the house where she lived in the family with her son. Although she was feeble, she performed a considerable amount of household duties. These facts are much more consistent with the theory that what moneys she paid and what services she performed were regarded by both as a full equivalent for what she received than with the idea that they were to be applied as credits on an account against her for the value of the board and care. If, as we think, no agreement to pay can properly be inferred from these circumstances alone, then the case is barren of any evidence to support the judgment, for it is a well-settled presumption in law that support and care furnished by a son to his mother in the absence of an agreement to pay therefor are gratuitous, and precludes the idea on the part of the mother of an intention to pay or on the part of the son to be paid. In 29 Cyc. 1620, the rule is stated as follows:

"Where a parent lives with a child as a member of the latter's family and is supported by the child, this fact of itself gives rise to no implication of a promise on the part of the parent to pay for support, and the child cannot recover for what has been done or furnished, unless, of course, there was an express contract of the parent to pay, or a mutual understanding of the parties that the child is to be paid for the support and care of the parent, which understanding may be implied from the circumstances of the case and the conduct of the parties."

In 21 Am. & Eng. Enc. of Law, 1062, it is said:

"Whenever, therefore, compensation is claimed in any case by either parent or child against the other for services rendered or the like, the question

whether the claim should be allowed must be determined from the particular circumstances of the case. There can be no fixed rule governing all cases alike. In the absence of any direct proof of an express contract, the question which must be determined is whether it can be reasonably inferred that pecuniary compensation was in the view of the parties at the time when the services were rendered, or the support was furnished; and the solution of this question depends on a consideration of all the circumstances of the case."

In Ulrich v. Ulrich, 136 N. Y. 120, 123, 32 N. E. 606, 18 L. R. A. 37, it is said:

"The law does presume, where there is no proof of a contract under which the services were performed, that there was no promise or agreement to pay for them; that is, that they were gratuitous."

Other New York authorities are to the same effect. Moore v. Moore, 3 Abb. Dec. 303, s. c. 21 How. Prac. 211; Conger v. Van Aernum, 43 Barb. 602; Williams v. Hutchinson, 3 N. Y. 312, 53 Am. Dec. 301.

In view of the foregoing authorities and of the rule that claims of this character arising after the death of the person against whom they are made are to be scrutinized with great care and only admitted after clear and convincing testimony (Shakespeare v. Markham, 72 N. Y. 400; Kearney v. McKeon, 85 N. Y. 136; Matter of Marcellus, 165 N. Y. 70, 58 N. E. 796), we think the learned referee fell into error in deciding this case.

The judgment should be reversed on the law and on the facts, the referee discharged, and a new trial granted, with costs to the appellants to abide the event. All concur, except SEWELL, J., dissenting.