JOHN H. HARRIGAN, Plaintiff, *v.* JOHN CAHILL, Defendant.

(Supreme Court, Saratoga Trial Term, May, 1917.)

Husband and wife — abandonment of wife — liability of husband to pay wife's son for her care and support — motion for new trial denied.

A husband who abandoned his wife without cause is liable, as upon an implied promise, to pay her son for the value of the care and the necessary support he gave his mother during the last years of her life.

MOTION for a new trial and to set aside a verdict found by a jury in favor of plaintiff.

Moore & McGinity, for plaintiff.

J. W. Atkinson, for defendant.

BORST, J. The defendant moves for a new trial and to set aside the verdict of $1,001. found by a jury against him at a Trial Term in favor of the plaintiff. The plaintiff's mother, a widow with several children, living at Mechanicville, married the defendant. He lived with her but a short time and then abandoned

her without cause. Plaintiff thereafter from her necessity supported her for several years and on her death brought this action against the defendant to recover the value of the care and support he had furnished her.

It is not contended but that as a general rule a legal liability exists against a husband to pay for necessaries furnished his wife whom he has abandoned or deserted. *De Brauwere* v. *De Brauwere,* 203 N. Y. 460.

It is contended, however, on behalf of the defendant that the plaintiff was obliged to support his mother to the same extent that defendant was liable to support her as his wife; that the support which the plaintiff gave his mother was voluntary and without demand on the defendant for the same and, therefore, as matter of law the plaintiff cannot recover and the verdict must be set aside.

No question is made in this case but that the support furnished was necessary for the maintenance of the wife. As the defendant was under a legal obligation to support his wife, any person who furnished her necessary support is deemed to have conferred a benefit on him and the law in such case implies a promise on his part to pay therefor. The burden then was cast upon the defendant to excuse himself for his failure to furnish her necessary support and this the jury have found he did not do. As there was an implied promise on defendant's part to pay for the necessary support of his wife, it was not essential to the right of any one furnishing it, to recover from defendant the value thereof, that he should demand of defendant that the latter support his wife before such support was furnished. *Wickstrom* v. *Peck,* 155 App. Div. 523; 163 id. 608; *Hardy* v. *Eagle,* 25 Misc. Rep. 471.

The liability of a child to support the parent in this

state is not the same as that of the husband to support his wife. This liability of the child comes solely by statute and only after proceedings have been taken under it. Concededly a natural obligation exists but it is only enforceable through the statute and in cases for which it provides. It never existed in this state as a common law duty but came into existence at an early date to protect the public and to save the parent from suffering. Originally this statutory liability was provided for in the Revised Statutes but it is now found in the Code of Criminal Procedure. *Herendeen* v. *DeWitt,* 49 Hun, 53; *Edwards,* v. *Davis,* 16 Johns. 281; *Ulrich* v. *Ulrich,* 136 N. Y. 120. The moral or natural obligation on the part of the plaintiff to support his mother is not sufficient to make him liable as upon the promise to pay. Our law does not go to the length of the civil law in enforcing a naked promise or a mere moral obligation (*Thorne* v. *Deas,* 4 Johns. 97), although if a person is morally bound to pay a debt, though not legally bound, a subsequent promise to pay may give a right of action. *Lee* v. *Muggeridge,* 5 Taunt. 36, 44.

It is further urged that the plaintiff in the absence of a special promise by his mother to pay him for her support had no claim against her or her estate and he, therefore, can have no claim against another. *More* v. *Shepard,* 133 App. Div. 473; *Williams* v. *Hutchinson,* 3 N. Y. 312. Here the claim is made by the plaintiff through his mother not because she was his mother but because the defendant was liable for her support and he was not. As the plaintiff was under no legal obligation to support his mother, his right to recover is the same as though he were a stranger to her suing defendant for her support.

There seems to have been no case presented to the courts similar to the one at bar. The nearest in prin-

ciple is *Usher* v. *Holleman,* 5 N. Y. Leg. Obs. 99, where a mother bought necessary articles for the daughter and the husband of the daughter was held liable to the mother for the amount paid, and *Kenny* v. *Meislahn,* 69 App. Div. 572, where a women furnished necessaries to her sister and it was held she could recover therefor against her sister's husband. Within principle and authority the verdict should be sustained.

The motion for a new trial is, therefore, denied.

Motion denied.