E. S. HALL v. E. R. FLETCHER.

October Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Husband and Wife—Services by Parent to Child—When Re-*
  *covery Therefor May Be Had—Evidence Justifying Mutual*
  *Expectation of Payment—Jury Question—Inadequate De-*
  *fense in Action Against Husband for Support of His Wife*
  *by Parent.*

1.   In action to recover of husband value of services, board, room,
      care, and nursing, furnished wife by her father, mere fact of
      relationship between plaintiff and defendant's wife does not
      preclude recovery upon contract implied in fact or rebut any
      presumption arising from circumstances of case, but is to be
      considered with other circumstances.
2.   In such action, case is for jury if services were performed under
      circumstances that reasonably justified a mutual expectation
      and understanding by parties that there was to be pecuniary
      compensation for services rendered.
3.   In such action, evidence *held* to justify inference of mutual ex-
      pectation of pecuniary compensation for services, board, room,
      care, and nursing supplied.
4.   Evidence as to care, room, board, and services rendered defend-
      ant's wife for a certain period of time, and divers sums of

money expended in her behalf, affording means of intelligent estimate of amount for which recovery might be had, *held* sufficient to take matter of damages to jury, though no price was set by any witness.

5. In action to recover of husband value of services, board, room, care, and nursing, furnished wife by her father, that defendant had given his wife sufficient money to pay therefor was no defense to an implied contract with plaintiff to pay for same.

ACTION OF CONTRACT. Plea, general issue. Trial by jury at the June Term, 1922, Orange County, *Willcox*, J., presiding. Verdict directed for defendant, and judgment thereon. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Raymond Trainor* and *Paul Gilioli* for the plaintiff.

*J. Ward Carver* and *Hale K. Darling* for the defendant.

BUTLER, J. The plaintiff seeks to recover of the defendant the value of services, board and room, care and nursing of the defendant's wife from June 12, 1918, to April 1, 1921. The case was tried by jury. At the close of all the evidence on his motion, a verdict was directed and judgment rendered for the defendant. The plaintiff excepted.

The nine grounds of defendant's motion may be summarized and were in substance: (1) That there was no evidence of an express contract between the plaintiff and defendant to pay for the care and support furnished, and no implied contract could be found because the relation between the plaintiff and the defendant's wife was such as to rebut any presumption that the plaintiff expected to receive pay and the defendant expected to pay therefor. (2) That there was no evidence from which the jury could compute and assess the value of the service, support, and other items. (3) That there was no evidence that the money sent to the wife by defendant did not constitute a full and adequate allowance for her comfortable support.

The plaintiff's evidence tended to show that the defendant and Blanche Hall, the plaintiff's daughter, then between forty and fifty years of age, were married some time in 1910 and went to Hardwick to reside. The defendant was and had been for

many years engaged in a granite business in Hardwick, and operated a quarry at Woodbury. He had a home in Hardwick, occupied by himself and his wife from the time of their marriage until June 12, 1918, when the defendant brought his wife in an automobile to the plaintiff's house in East Randolph and left her there. He made a very short stop, not long enough to go into the house, put her valise on the portico, and departed immediately, and never came to see his wife after that. When he brought her to the plaintiff's house, she was sick and in need of care, nursing, and medical attention, "very bad off," and extremely nervous. She remained at her father's house, except for a short time while in the hospital, until her death in April, 1921. That defendant knew that she was in need of care out of the ordinary and was not a mere visitor at her father's house was apparent. Plaintiff took her to Hardwick in the fall of 1918, when he told the defendant that "Mrs. Fletcher would like to come up and live with him," to which the defendant replied that "He thought it wouldn't be a good place for her;" that he told the defendant that "when folks got married they were supposed to have a home."

In March, 1919, her sister, who was assisting the plaintiff at his house, wrote the defendant and told him "that she had a goiter that had caused her to bloat and caused her bad heart, that they couldn't operate on her throat to remove the goiter on account of the fluid in her system, it wouldn't be safe, that her mother was caring for her but was getting weaker all the time and could not continue it and that he would have to get a nurse." In October, 1920, she wrote again that Mrs. Fletcher was worse and that her mother was very much worse and could not take care of her any longer, asking what he would do about it. Defendant made no other arrangements for her care, nor did he reply to these letters or come to see her. That she was living apart from her husband without her fault, was conceded.

No express contract to pay his wife's support is claimed to have existed between the plaintiff and defendant, and, this being so, the defendant contends that since the relation between the plaintiff and the defendant's wife was that of parent and child, no recovery can be had, and relies upon *Sawyer* v. *Hebard's Estate,* 58 Vt. 375, 376, 3 Atl. 529; *Danyew* v. *Power's Estate,* 84 Vt. 255, 78 Atl. 785; *Peters* v. *Poro's Estate,* 96 Vt. 95, 117 Atl. 244, 25 A. L. R. 615.

[1]   But the rule recognized in the cases cited does not go to that extent.   Nor does the mere fact of the relationship preclude recovery upon a contract implied in fact or rebut any presumption that may arise from the circumstances of the particular case.   The relationship is but a circumstance to be considered by the jury with the other circumstances of the case, and may or may not rebut the ordinary presumption that valuable services are to be paid for when considered in connection therewith.   *Peters* v. *Poro's Estate, supra; Briggs* v. *Briggs' Estate,* 46 Vt. 575.

[2]   All that plaintiff is required to do under this rule is to show that the services were performed with the mutual understanding and expectation that they were to be paid for by defendant.   The case is for the jury if the service was performed under circumstances that reasonably justified a mutual expectation and understanding by the parties that there was to be pecuniary compensation.   *Drown's Guardian* v. *Chesley's Estate,* 92 Vt. 19, 102 Atl. 102, L. R. A. 1918A, 1056; *Peters* v. *Poro's Estate, supra; Andrus* v. *Foster,* 17 Vt. 556; *Parkhurst* v. *Krellinger,* 69 Vt. 375, 38 Atl. 67.

[3]   That the daughter was of mature age, married to defendant, had established a home elsewhere, her long absence from her father's home, keeping house and a home for defendant at Hardwick, her condition of health, defendant's duty to provide for his wife, his knowledge of her sickness and need of care, nursing, and assistance, the imperative requisites of her condition, his belief that it would not be a good place for her with him, his knowledge of the difficulties under which she, as well as the plaintiff, was laboring, and the fact that they were living apart without her fault, together with the circumstances under which she was brought to defendant's home and the other circumstances disclosed by the record, tend to rebut any presumption that might otherwise arise from the relationship, and to show that she was not there as a mere visitor, and would clearly justify the inference of a mutual expectation on which an implied promise rests.   The case was for the jury.   *Wescott* v. *Wescott's Estate,* 69 Vt. 234, 39 Atl. 199; *Drown's Guardian* v. *Chesley's Estate, supra.*   Nor is the case of *Danyew* v. *Power's Estate, supra,* an authority against the plaintiff, for the circumstances are in no way similar.   That was a case of the daughter remaining with her parents after she became of age until her marriage,

and there was nothing in the case that fairly tended to show that as between the plaintiff and her mother any other relation than that between an affectionate mother and a dutiful daughter existed. The want of accounts between the parties or expressions amounting to an express promise to pay are but circumstances bearing upon the ultimate fact to be found.

The case of *Sawyer* v. *Hebard's Estate,* 58 Vt. 375, 3 Atl. 529, urged as supporting defendant's views, should be distinguished as the result rested upon the report of an auditor who finds as a fact that the intestate knew nothing of the charges and was unable to find that the intestate expected to pay for the board during her stay with her daughter.

[4] 2.   As to the assessment of damages, it is insisted that there was no evidence introduced as to the value or worth of the board and room, care and nursing, as no price was set by the plaintiff or by any witness, and so there is no evidence from which the jury can compute the value or assess the damages, citing *Baldwin* v. *Gaines,* 92 Vt. 61, 102 Atl. 338; *Beaulac* v. *Robie,* 92 Vt. 27, 102 Atl. 88, and that no claim is made for nominal damages, citing *Berkley* v. *Burlington Cadillac Co.,* 97 Vt. 260, 122 Atl. 665. It is sufficient to say that neither of these cases support the defendant's contention but are authority for the plaintiff. The case shows that she was cared for, furnished room and board, and that valuable services were rendered, covering a certain period of time, and divers sums of money expended in her behalf. It is not necessary that a price be set by the plaintiff or by any witness. It is sufficient to go to the jury if the evidence is such as to afford the means of an intelligent estimate of an amount for which a recovery may be had.   *Capital Garage Co.* v. *Powell,* 98 Vt. 303, 127 Atl. 375; *Baldwin* v. *Gaines, supra.*   Moreover, the course of the trial was such that the question of damages was not litigated, but if there was any shortage of the evidence in this respect, it can be taken care of at another trial.

[5] 3.   The third ground of the motion is without merit. It would be no defense to an implied contract with the plaintiff to pay for the services rendered, that defendant had given his wife the money she needed when the plaintiff had not received his pay.

It follows that the motion for a directed verdict should have been overruled.

*Judgment reversed and cause remanded.*