## MEREDITH v. TITCHE-GOETTINGER CO. (No. 7114.)

Court of Civil Appeals of Texas. Austin.
May 4, 1927.

Rehearing Denied May 25, 1927.

1. Appeal and error ⬦⬦846(5)—Judgment without findings or conclusions must be affirmed if supported on any theory fairly deducible from evidence.

Where trial court filed neither findings of fact nor conclusions of law, judgment must be affirmed if it can be supported on any theory fairly deducible from evidence.

2. Husband and wife ⬦⬦232(3)—Court could find that wife's removal from husband prior to purchase of merchandise was due to husband's fault, where wife was subsequently granted divorce.

In suit against husband on account incurred by wife, evidence held to sustain finding in support of judgment that wife's action in leaving husband was not due to her fault but to fault of husband, where wife was subsequently granted divorce. ·

3. Husband and wife ⬦⬦19(4)—Husband is bound on contract for necessaries of wife, who has left him due to his own fault.

Where wife's removal from husband is without her fault but due to fault of husband, husband is bound on her contracts incurred for necessaries.

4. Husband and wife ⬦⬦232(3)—Evidence held to show indebtedness incurred by wife, engaged in ready-to-wear business, for $137.50 for tailored suit was necessary and reasonable.

In action against husband for $137.50 for tailored suit furnished wife and alterations thereto, evidence held to sustain finding that suit was necessary to wife, engaged in ready-to-wear business, and that price paid was just and reasonable.

5. Appeal and error ⬦⬦1011(1)—Judgment must be affirmed where evidence is conflicting.

Judgment of trial court must be affirmed where evidence on questions tried to court is conflicting.

Appeal from Dallas County Court; William M. Cramer, Judge.

Suit by the Titche-Goettinger Company against Emmitt Meredith and wife. Judgment for plaintiff against defendant first named, and said defendant appeals. Affirmed.

Claude Isbell, of Rockwall, for appellant.
Church, Read & Bane and R. J. Dixon, all of Dallas, for appellee.

BLAIR, J. Appellee sued appellant Emmitt Meredith and his wife on a sworn account for merchandise sold to Mrs. Meredith, consisting of one tailored suit at $135 and $2.50 for alterations thereto. Appellee dismissed as to Mrs. Meredith, and on a trial to the court without a jury recovered judgment against appellant for $137.50. By this appeal appellant contends that the judgment should be set aside and the cause dismissed for the following reasons:

1. Because the undisputed evidence shows that Mrs. Meredith had abandoned him before she purchased the merchandise, without his consent and without cause.

2. Because the undisputed evidence shows that the merchandise was not a necessity and clearly beyond appellant's means and station in life.

[1-3] The trial court filed neither findings of fact nor conclusions of law, and if the judgment can be supported on any theory fairly deducible from the evidence it must be affirmed. Reed v. Brewer, 90 Tex. 144, 37 S. W. 418; Powell v. Lee (Tex. Civ. App.) 257 S. W. 308. In reference to the first question, the evidence is without dispute and shows that in 1918 appellee first extended credit to appellant's wife, at which time a bank at Rockwall was given as reference, and it informed appellee that the account was good for $100. Appellant and his wife lived at or near Rockwall, and at various times after 1918 appellee sold merchandise to Mrs. Meredith and sent statements to her or her husband, and payments were made thereon. In January, 1920, Mrs. Meredith left her husband and went to Dallas, and on July 24, 1920, purchased the merchandise on which the account in suit is based, and which was charged in her name. Appellee knew nothing about her separation from her husband, and handled the account as on other sales theretofore made to Mrs. Meredith. In 1921 Mrs. Meredith filed suit for a divorce in Dallas county against appellant, who did not contest it, and a divorce was granted Mrs. Meredith. The court granting the divorce was by law compelled to hear testimony establishing Mrs. Meredith's right to a divorce before it was granted. The trial court could have fairly deduced from this evidence that the separation was not the wife's fault, but the fault of her husband, and therefore the husband is

---

⬦⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bound for the account in suit. Black v. Bryan, 18 Tex. 453.

[4, 5] In reference to the second question, appellant testified that he lived with his wife at Rockwall until she left him in January, 1920. That at the time she purchased the goods he was a tenant farmer, and during that particular year he had no money, because the boll weevils ate up his crops; that he was not able to purchase the suit and pay the price contracted by his wife. That he paid for his wife's clothing while they lived together, but never paid as high a price for any suit as this one. He also testified that after his wife left him she became engaged in the ready-to-wear business in Dallas, and that he supposed she took care of her own bills, and that he did not notify appellee that his wife had left him, and not to sell her any merchandise on his account. Appellee's credit man testified that during 1920 clothing reached their highest prices; that they had only a few suits in stock at a lower price than that sold Mrs. Meredith; that the cheaper suits did not sell; and that the price charged was reasonable for the suit in question. From this evidence the court could have fairly deduced that the suit was necessary for Mrs. Meredith, who was engaged in the ready-to-wear business. It cannot be contended that a tailored suit for a married woman engaged in the ready-to-wear business is unnecessary, provided the price paid is just and reasonable, which the evidence shows to be true in this case due to the exceedingly high prices which prevailed at the time. In deciding this question, it was necessary for the trial judge to look to all the facts in this particular case, where the wife earned her entire livelihood for more than a year, except the one suit for $137.50, and where no showing was made that the wife's station in life did not entitle her to it. At any rate, the evidence on both questions is conflicting and the trial court's judgment must be affirmed. Walling v. Hannig, 73 Tex. 580, 11 S. W. 547; Crosby v. A. Harris (Tex. Civ. App.) 234 S. W. 127.

Affirmed.