**CORBETT v. WADE.**

No. 10687.

Court of Civil Appeals of Texas.
Galveston.

Jan. 19, 1939.

W. F. Tarver and T. J. Stovall, both of Houston, for appellant.

Murray G. Smyth, of Houston, for appellee.

**890**

GRAVES, Justice.

Upon consideration of this appeal, while, under the disposition determined upon, no written opinion is required, this much of the able brief for the appellee so clearly presents the view here taken that it is adopted as the expression of this court:

"This is a suit for the reasonable value of necessaries furnished the appellant's wife.

"The appellant is E. B. Corbett, the defendant in the trial court. The appellee is Laurine Wade, the plaintiff in the trial court. She was Mrs. E. B. Corbett's daughter by a former marriage. The necessaries were furnished by appellee, Laurine Wade, in 1935–1936, while her mother was desperately ill. Subsequently, in October, 1936, Mrs. Corbett sued for and was granted a divorce from appellant, E. B. Corbett. Appellee filed this suit in April, 1937. She married a few days before the trial, whereupon her husband joined in the action.

"The trial was before the County Court at Law of Harris County, Texas, without a jury, and judgment was rendered for plaintiffs in the sum of $195.45, with six per cent interest from the date of judgment. It is from this judgment that the defendant, E. B. Corbett, appealed. The plaintiffs were denied recovery for claims totalling $54.30, from which no appeal is taken. * * *

"In answer to all of appellant's propositions, the appellee presents one counter-proposition, as follows:

"A husband is liable for the reasonable value of necessaries furnished his wife by a third party.

* * * * * * * *

"Mrs. Corbett became acutely ill in November, 1935, and on Thanksgiving Day, 1935, was taken to Memorial Hospital in Houston for an emergency appendectomy. She was in the hospital four months, until March, 1936. Peritonitis followed acute appendicitis and a second operation was necessary. Her condition was critical. The doctors gave no hope. * * *

"Under these necessitous and trying conditions, the appellee, Laurine Wade, provided the aggregate sum of $180.00 for the payment of nurses, the nurses being paid the regular and customary charge, the customary and reasonable charge for the services. In doing so, appellee was looking to appellant to repay her. One of the nurses appeared and testified in confirmation of the fact that the payments to them were behind when appellee made her payments to the nurses. * * *

"Neither in the trial court, nor in his brief before this court, has the appellant questioned the fact that the necessaries were in keeping with his station in life or standard of living, or his general ability to pay. His financial means were considerable. * * *

"It has always been the law in Texas, as elsewhere, that a husband is liable to a third party for the reasonable value of necessaries furnished his wife. The Texas Statutes recognize the liability. Art. 4613. The Supreme Court of Texas has steadfastly declared the rule from the beginning. Black v. Bryan, 1857, 18 Tex. 453.

"The liability arises from the marriage relation itself. It is imposed by law. Black v. Bryan, 1857, 18 Tex. 453, 464. It is also based upon a consideration of public policy, the state as well as the wife being interested. Rich v. Rich, N. J.Juv. & Dom.Rel.Court, 1934, 171 A. 515, 517(4), 12 N.J.Misc. 310; Fanchier v. Gammill, 1929, 155 Miss. 316, 124 So. 365, 366(3).

"Clothes may, of course, constitute necessaries. Meredith v. Titche-Goettinger Co., Court of Civ.App., Austin, 1927, 294 S.W. 988. Likewise, the provision of nursing care. Meinen v. Muesse, Tex.Civ.App., 72 S.W.2d 931; Davis v. Fyfe, 1930, 107 Cal.App. 281, 290 P. 468.

"Even the husband's separate property is resorted to, and it makes no difference what property the wife may have (in the instant case, Mrs. Corbett had nothing, as is shown by the whole testimony). Callahan v. Patterson, 1849, 4 Tex. 61, 51 Am.Dec. 712; Magee v. White, 1859, 23 Tex. 180; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Allen v. Frank, Tex. Civ.App., 252 S.W. 347.

"It makes no difference that the necessaries were furnished by a child or other relative. Hall v. Fletcher, 1925, 99 Vt. 199, 130 A. 685; Harrigan v. Cahill, 1917, 100 Misc. 48, 164 N.Y.S. 1005, 1006.

"Nor is the husband relieved by the fact that he said 'he would support

her'. He must actually do so. Dodge v. Holbrook, 1919, 107 Misc. 257, 176 N.Y.S. 562.

"Fundamentally, the appellee finds it difficult to ascertain, either from appellant's testimony or from his brief, any exact basis for his contention that he should not pay for the necessaries which have been furnished his wife. That it was necessary for the appellee to pay the nurses in order to prevent them from leaving the case, and that it was necessary for her mother to have expert nursing-care, and that the few articles of clothing for which appellee recovered were necessaries, and that the charges for all of these items were reasonable and proper, or in keeping with the appellant's means and condition in life, could hardly be denied under the undisputed testimony of not only the appellee and her mother, but of the doctor and nurse. Indeed, appellee does not understand that such is denied by the appellant.

"The appellant testified that he wanted his wife to receive whatever she needed. * * *

"Thus the appellant stated that he was willing to pay for whatever was necessary for his wife's health and to provide anything within reason. * * *

"The appellee testified that she paid the money in December, 1935, and January, 1936; that she paid it to three certain nurses, naming them; that she paid $60.00 to each one; that she paid them in cash; and that she got receipts. * * *

"The trial court had no difficulty in determining with certainty the amount expended by the appellee for appellant's wife, and the findings and judgment of the trial court are amply supported by the testimony. * * *

■ "As a matter of fact, the duty of providing his wife with necessaries rested upon the appellant, and the law did not require the appellee to demand of him the things that were necessary. Harrigan v. Cahill, 100 Misc. 48, 164 N.Y.S. 1005, 1006, where it is stated: 'As there was an implied promise on defendant's part to pay for the necessary support of his wife, it was not essential to the right of any one furnishing it, to recover from defendant the value thereof, that he should demand of defendant that the latter support his wife before such support was furnished.'

■ "Indeed, even if the appellant had been consulted and he had refused to provide the necessaries, or had stated that he would not pay therefor, it would make no difference and the appellee could still recover. Black v. Bryan, 18 Tex. 453, 462, where Hemphill, Chief Justice, declared: 'It could not be doubted that in such cases the husband would be held liable, and that his authority would be presumed by law, against his expressed prohibition,' etc.

"To the same effect, see: Dallas & Wichita Ry. Co. v. Spicker, 61 Tex. 427, 431, 48 Am.Rep. 297, 'without reference to the will of the husband'; Jones v. Bernstein, Sup.Ct., 177 N.Y.S. 155; Carr v. Anderson, 154 Minn. 162, 191 N.W. 407, 26 A.L.R. 557, where it was declared that the law imposes liability though the husband does not want the services rendered, forbids it, and declares in advance that he will not pay; Howland Dry Goods Co. v. Welch, 94 Conn. 265, 108 A. 510; Reynolds v. Rice, 224 Mo.App. 972, 27 S. W.2d 1059, where necessaries were furnished without the husband's knowledge or consent, and the wife possessed a separate estate; Jordan Marsh Co. v. Hedtler, 238 Mass. 43, 130 N.E. 78; Speer, Law of Marital Rights (3rd Ed.), 242, Sec. 181, where the writer states: 'and he is thus liable, notwithstanding necessaries are furnished contrary to his instruction.'

"If the articles and services provided are in truth necessaries, the one providing them may recover therefor from the husband up to the time the remedy becomes barred by limitation, and it makes no difference whether the husband knew about the provision, or whether he authorized or forbade it at the time. * * *

■ "The law will not permit a husband to escape his duty of support, even by express contract with the wife. In re Simonson's Estate, 164 Wis. 590, 160 N. W. 1040. In the present case, there was no such contract or agreement. * * *

■ "That the appellant may have supplied other necessaries of the same or similar kind, makes no difference and does not relieve him if the ones in question were also necessaries. McKee v. Popular Dry Goods Co., Tex.Civ.App., 240 S.W. 567.

■ "The appellant would make a point of the fact that he and his wife had separated prior to the time in ques-

tion. It was he, however, who left at the time of the separation, and it was she who sued for and obtained the divorce.

 "Where the wife is not at fault, it makes no difference whatever that the parties have separated. Black v. Bryan, 18 Tex. 453, where the court says: 'The rule that it is the duty of the husband to pay for necessaries for the wife, separated from him without her fault, applies as we see, at Common Law even, where all the property belongs to the husband; but, under our system, she would be entitled, in many instances, to necessaries, although the separation may have been by her fault.'

"Again (page 467): 'Where the wife is separated from the husband, without fault on her part, his express prohibition is entitled to little or no weight.'

"To the same effect, see Dallas & Wichita Ry. Co. v. Spicker, 61 Tex. 427, 48 Am. Rep. 297, and also Crosby v. A. Harris & Co., Tex.Civ.App., 234 S.W. 127, where the court uses the words, 'or upon his desertion.'

"Keeping in mind the fact that Mrs. Corbett obtained the divorce in this instance, it should also be observed that any one of the grounds for divorce available to her under Article 4629 establishes the fact that Mr. Corbett was the one at fault. As expressed in Meredith v. Titche-Goettinger Co., Tex.Civ.App., 294 S.W. 988: 'The trial court could have fairly deduced from this evidence [evidence that the wife obtained the divorce] that the separation was not the wife's fault, but the fault of her husband, and therefore the husband is bound for the account in suit' (which was a suit for necessaries).

 "Appellant refers to a settlement between Mr. and Mrs. Corbett at the time of their divorce, whereby Mrs. Corbett was paid the sum of $5000.00; * * * when this divorce-settlement was made between Mr. and Mrs. Corbett, there was an express reservation that it excluded all claims on the part of anyone, except Mrs. Corbett. The settlement was between Mr. and Mrs. Corbett alone, and had nothing to do with any other claims. * * *

 "The trial court allowed recovery for nothing, except the necessary garments which were bought and paid for by appellee and delivered by her to her mother, and for the money paid to the nurses in order to secure their continued services."

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.