**CORBETT v. CROSBY.**

No. 10774.

Court of Civil Appeals of Texas. Galveston.

Jan. 26, 1939.

T. J. Stovall and W. F. Tarver, both of Houston, for appellant.

Murray G. Smyth, of Houston, for appellee.

GRAVES, Justice.

This brief statement of the nature and result of the suit, found to be correct, is taken from the appellee's brief:

"This is a suit for necessaries furnished the appellant's wife.

"The appellant is E. B. Corbett, the defendant in the trial court. The appellee is Mrs. A. W. Crosby, the plaintiff in the trial court, joined by her husband. The necessaries were furnished by appellee in September, October, and December, 1935, and in May, 1936. Subsequently, in October, 1936, Mrs. Corbett sued for and was granted a divorce from appellant, E. B. Corbett. Appellee filed this suit in August, 1937.

"The trial was before the County Court at Law of Harris County, Texas, without a jury, and judgment was rendered for plaintiffs in the sum of $287.95, with six

per cent interest from the date of the conclusion of the trial. It is from this judgment that the defendant, E. B. Corbett, appealed. The plaintiffs were denied recovery for a $100.00 portion of their total claim, from which denial no appeal is taken."

The case as made and determined below, as well as its reaches upon the appeal, is in all substantive respects—barring some minor particulars, and the fact that the appellee is a different person—a companion one to E. B. Corbett, Appellant, v. Laurine Wade, Appellee, 124 S.W.2d 889, decided by this Court in a written opinion on January 19, 1939; indeed, about the only material differences between the two proceedings, both having been determined in the same court below by the same learned trial Judge, are that in this instance different necessaries in different amounts, and by a different lady as having furnished them to the appellant's then wife, were found by the court to have been so advanced, under essentially the same circumstances as occurred in the Wade case.

Under the disposition determined upon for this appeal also, no written opinion is required of this Court; but the two causes being thus upon a parity in the legal equivalent of the same state of facts as common to them both, and in the principles of law likewise ruling both, this judgment will be affirmed upon the authorities and considerations announced in the opinion affirming the other one.

An affirmance will accordingly be entered.

Affirmed.