EDWARD A. HODGKINS *vs.* CHARLES H. PRICE & another.

Essex.   Nov. 4, 1885. — Feb. 25, 1886.   FIELD & DEVENS, JJ., absent.

In an action of ejectment for the recovery of a term, it appeared that the buildings on the demised premises were partially destroyed by fire during the term ; that the plaintiff did not express or entertain any intention of repairing or rebuilding them ; that the lessor removed the remains of the old buildings, and afterwards erected a new building, which was much larger, more expensive, and more valuable than the old buildings, and yielded larger rents and profits ; and that the lessor, in so doing, acted in good faith, and in the belief that he was entitled to the possession of the premises. *Held,* that the plaintiff had no ground of exception to a ruling that the measure of damages was the same as it would have been if the defendant had wrongfully withheld possession of the demised premises for the same length of time in substantially the same condition in which they were just before the fire ; and that, from the gross rents and profits which might have been received from the estate, there should be deducted a fair compensation for the necessary time and labor involved in the care and management of the premises and in the collection of rents.

An action of ejectment for the recovery of a term was referred to an assessor, who found that the fair value of the lease to the plaintiff was a certain sum for each year while he was dispossessed. *Held,* that the plaintiff was entitled to interest on each yearly sum of the amount named, from the time when it might have been realized by him if he had not been ejected, and that the plaintiff was not entitled to have the interest computed by making quarterly rests, although by the terms of the lease the rent was payable quarterly.

MORTON, C. J.   This is an action of ejectment for the recovery of a term. After the former decision, reported 137 Mass. 13, the case was referred to an assessor to determine the amount of damage sustained by the plaintiff by reason of the withholding from him by the defendants of the premises described in the plaintiff's declaration.   It now comes before us upon the assessor's report.

The plaintiff contends that many of the findings of fact by the assessor are not supported by the evidence.   But the evidence before the assessor is not reported ; we must take the facts found by him to be true ; and the only questions properly before us are such questions of law as are presented by the report.   The principal of these questions is as to the rule of damages which ought to be applied under the peculiar circumstances of this case.

The assessor finds that the buildings described in the lease to the grantor of the plaintiff were partially destroyed by fire on

May 21, 1875; that neither the lessee nor the plaintiff expressed or entertained any intention of repairing or rebuilding them; that the defendants' grantor, in July, 1875, began to remove the remains of the old buildings, and afterwards erected a new building, which was finished in March, 1876, and which was much larger, more expensive, and more valuable than the old buildings, and yielded much larger rents and profits; and that the defendants and their grantor, in so doing, acted under the advice of counsel, in good faith, and in the belief that they were entitled to the possession of the premises.

In an action like this, the rule of damages should have as its basis compensation to the plaintiff for the injury he has sustained. The measure of damages should be, as in an action of trespass for mesne profits, a sum which, upon just and equitable principles, will furnish such compensation or indemnity. The plaintiff should be placed in as good a position as he would have been in if the defendants had not dispossessed him. It seems to us clear, that the plaintiff's contention that he is entitled to the whole amount of the rents and profits from the improved estate, without any deduction for such improvements, is unjust and unreasonable. He would thus receive more than compensation; he would gain more than he has lost, and would enrich himself at the expense of the defendants.

We think he has no good reason to complain of the first rule adopted by the assessor in his report, at the request of the defendants. This rule is, that the measure of damages is the same as it would have been if the defendants had wrongfully withheld possession of the demised premises for the same length of time in substantially the same condition in which they were just prior to said fire.

In fact, at the time the plaintiff was dispossessed, a part of the buildings had been burned, and could not be used or leased to tenants. The landlord was not obliged to repair, and the tenant had no intention of doing so, and could not do so except at considerable expense.

In assuming that the buildings were in the same condition as just before the fire, in order to determine the value of the plaintiff's lease and his damages by being dispossessed, the assessor assumed facts which could not but operate in the plaintiff's

favor.   The ruling was sufficiently favorable to the plaintiff; if the defendants had objected, we might have found it difficult to hold that it was not too favorable.

In determining what were the plaintiff's damages upon this basis, the assessor deducted from the gross rents and profits which might have been received from the estate a fair compensation for the necessary time and labor involved in the care and management of the premises and in the collection of rents.   This was right.   The buildings described in the plaintiff's lease were designed and adapted for stores and offices, and were underlet to tenants for such purposes.   A fair measure of the value of the lease to the plaintiff is the amount he could realize by prudent management over and above the rent and charges he would be obliged to pay.   In order to realize his rents and profits, if he had been in possession, he would have been obliged either to pay such sum, or to furnish an equivalent in his own labor and services.

The assessor has reported three alternative findings upon the question of damages.   As we have adopted his first finding, it is unnecessary to consider the questions of law he reports which are applicable only to the other two findings.

The only remaining question is as to the interest to which the plaintiff is entitled.   As we understand the assessor's report, he has found that the fair value of the lease to the plaintiff was $250 for each year while he was dispossessed; that is, if he had been in possession, he would have realized that sum each year as his net profits.   We think the defendants are liable for interest, as damages, for the detention of these amounts, and that the damages found by the assessor should be increased accordingly.   The plaintiff contends that, as by the terms of the lease the rent was payable quarterly, interest should be computed by making quarterly rests.   It has been repeatedly held in this Commonwealth that it is against the policy of the law to allow compound interest; and we can see no reason why the general rule of allowing. only simple interest should be departed from in this case.   *Shaw* v. *Norfolk County Railroad*, 16 Gray, 407.   *Henry* v. *Flagg*, 13 Met. 64.   *Wilcox* v. *Howland*, 23 Pick. 167.

The result of the whole case is, that the plaintiff is entitled to judgment according to the first finding of the assessor,

adding thereto interest upon each yearly sum of $250, from the time when it might have been realized by the plaintiff if he had not been ejected. As this is a matter of computation, it is not necessary to recommit the report.

*Ordered accordingly.*

*J. A. Fogg,* for the plaintiff.

*S. Lincoln & G. B. Ives,* for the defendants.