Filed Jan. 8, 1891.

———————◆———————

No. 14,743.

THE MONTGOMERY COUNTY UNION AGRICULTURAL SOCIETY *v.* HARWOOD ET AL.

MEASURE OF DAMAGES.—*Contract for Exclusive Right to Sell.—Breach of.— True Measure of Damages.—Instruction.—Prospective Profits.*—The plaintiffs alleged in their complaint that they rented a small piece of ground of the defendant for a huckster or candy stand during the fair, in September, 1888, and that it was a part of the agreement that there was to be no ground rented for competing stands within designated limits, and that this agreement was violated by the defendant by allowing competing stands within said limit.   Prayer for damages for breach of contract.

*Held,* that an instruction was erroneous to the effect that the plaintiffs were entitled to recover as damages the profits they would have realized upon goods that they did not sell in consequence of the opposition of rival sellers permitted on the ground in violation of the contract.

*Held,* also, that the true measure of damages would be the difference in the rental of the ground unoccupied by competing stands within the designated limits according to the contract and the rental of the ground occupied by competing stands as it is alleged to have been.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *S. C. Kennedy,* for appellant.

*H. D. Hurley* and *M. E. Clodfelter,* for appellees.

OLDS, C. J.—This is a suit by the appellees against the appellant for breach of contract.

It is alleged in the complaint that the appellees rented of the appellant a small piece of ground for a huckster or candy stand during the fair, in September, 1888, and that it was a part of the agreement that there was to be no ground rented

The Montgomery County Union Agricultural Society *v.* Harwood *et al.*

for competing stands within designated limits, and that this agreement was violated by the appellant by allowing competing stands within the designated limits.

The appellant answered the complaint by general denial. A trial was had, resulting in a verdict for the appellees in the sum of $200.

The evidence is not in the record, but the instructions are brought into the record by a bill of exceptions.

The only alleged error discussed is the giving of instruction No. 8, upon the measure of damages. The instruction is as follows:

"If you find that the contract was made as charged in the complaint, and was broken by the defendant, the plaintiff would be entitled to recover as damages such profits as they would have realized upon goods that they did not sell in consequence of the opposition of rival sellers permitted on the defendant's grounds in violation of their contract with the plaintiffs, and also for cost-price to them of such perishable goods as were provided by them for sale upon the grounds, and which goods they did not sell, but that spoiled in their hands, and which goods they might have sold but for the rivalry of parties selling the same goods within the prohibited limits, and the difference between the cost price to them and the amount realized by them on such perishable goods as they purchased for sale on said grounds and did not sell, but that became damaged, and which they were prevented from selling by reason of the said opposition of said vendors of the same goods within the prohibited limits on said grounds."

This instruction is erroneous. The profits which appellees would have realized upon goods that they did not sell in consequence of the opposition of rival sellers permitted on the appellant's ground in violation of this contract are merely speculative.

The appellees had no established business or trade at the place leased ; they made a mere temporary lease of the ground for future occupancy for the purpose of conducting a candy

or huckster stand during the fair. To enter into the question as to whether or not they would have sold a particular article if no rival stand had been erected within certain limits, or to endeavor to show that a certain person purchased a like article to that kept by the appellees at a rival booth, and would have purchased the same of appellees if the rival booth had not been erected within certain limits, would be entering into such a field of uncertainty and speculation as is not warranted by a court in the assessment of damages.

Profits are frequently taken into consideration in estimating and assessing the damages accruing by reason of the interruption or destruction of an established business, and proof in such case is admissible to show the amount of business done and profits realized prior to the interruption or stoppage of the business to enable the jury or court trying the case to arrive as nearly as possible at the actual damage sustained by the injured party. This affords some reasonable basis to reckon from, as, in case of an established business, it is reasonable to presume that, if pursued in the same manner, it will continue to yield a like profit. But in the case at bar there is no established business from which the appellees were deriving a profit which can be taken as a basis for future profits. It at best is a mere speculative undertaking, the result depending upon the state of the weather for a few days, and the number of people in attendance desiring the particular articles offered at the stand, and the ability of the persons conducting the trade to attract the people and induce them to trade with them.

The fact that other persons conducting a stand in close proximity to the appellees, during the time, sold like goods does not prove that if they had not been located at that particular place the appellees would have sold their goods of like character at a certain fixed price. To open the door for proof that the appellees would have sold particular items of his goods for a certain price asked by them if some other person had not been in business within a certain stipulated dis-

tance upon the same fair ground, would be to explore a field which is purely speculative, and of the most uncertain character, and especially to hold that appellees' damages should be based upon and fixed by the amount of goods they would have sold to be ascertained in this uncertain manner.

In *Dorwin* v. *Potter*, 5 Denio, 306, where, in the lease of a dairy farm for five years, the lessor agreed to put the barns on the premises in a good state of repair, but neglected to do so, it was held that the lessee could recover the amount it would cost to put the barns in repair, but not the damages sustained by injuries to the cows and young cattle, the increase of food and the decrease of produce resulting from the state of the barns, such damages being too remote and contingent. 1 Sedgwick Measure of Damages, p. 126.

In *Rogers* v. *Bemus*, 69 Pa. St. 432, the court says: " The probable net profits of an unfinished water saw-mill are too remote, contingent and speculative, to be the foundation of a verdict for damages."

In the case of *Rawson* v. *Pratt*, 91 Ind. 9, it was held that in a case of a sale of the good-will of a business, the seller representing that the business carried on by them amounted to $30,000 a year, when it only amounted to $15,000 per year, the measure of damages recoverable by the purchaser was the difference in the rental value of the building, that is, what it would be worth more in case the business transacted at that place had been $30,000 than if only $15,-000, and that the purchaser was not entitled to the amount of profits he might have realized in case of a larger business; that such profits were uncertain; that the true measure of damages in such case is what would be the reasonable additional rental of the property by reason of the large amount of business having been done at the point. The reason for this rule is well founded. It is fair to presume that a competent business man would pay more for the rental of a room to conduct a business where a former business of a like character had been conducted to the amount of $30,-

000 annually than he would when only half that amount had been transacted; that he would have reason to expect he would retain more customers out of $30,000 annual business than out of a business amounting to only half that sum, and he would be willing to pay more rent in view of such expectation, though he would not be justified in paying for the probable profits realized on sales to the amount of $30,-000 annually, and there would be no way of ascertaining with any reasonable certainty whether or not he would retain all the customers and be able to sell them the amount of goods at the same prices as his predecessor in business.

In the case of *Western Gravel Road Co.* v. *Cox*, 39 Ind. 260, it was held that loss of tolls that might have been received had a gravel road been completed, is too uncertain, contingent and speculative. See *Blair* v. *Kilpatrick*, 40 Ind. 312; *City of Terre Haute* v. *Hudnut*, 112 Ind. 542, and authorities cited in last case.

We think in this case the true measure of damages is the difference in the rental of the ground unoccupied by competing stands within the designated limits according to the contract, and occupied by competing stands as it is alleged to have been.

It follows from the conclusion we have reached that the court erred in giving the eighth instruction. The instruction given would not be proper under any legitimate evidence in the case, and being erroneous the case must be reversed.

It is insisted by counsel for the appellee that the instructions are not properly in the record. They are brought in by a bill of exceptions and we think are properly before us.

Judgment reversed, with costs, with instructions to grant a new trial.

Filed Jan. 9, 1891.