## DAVID COLLINS *vs.* JAMES LAVELLE.

The plaintiff took possession of a store under a contract of purchase made with the defendant and carried on a profitable business there for several months when he was ejected from the store by the defendant and kept out of possession. In an action to recover damages for breach of the contract,

*Held*, that evidence of the profits which the plaintiff had realized from the business during the time he ran the store was admissible for the purpose of showing the amount of damages he had sustained by the loss of his business.

DEFENDANT'S petition for a new trial.

This was an action of *assumpsit* to recover damages for breach of a contract for sale. A special count in the declaration set out that the defendant agreed to sell the plaintiff a store and to let the plaintiff run it until the purchase money was paid when the defendant would pass the title to the store; that the plaintiff took possession of the store and ran it profitably for several months; that he built up a lucrative business and paid a portion of the purchase money; and that. the defendant entered and ejected the plaintiff from the store without cause and kept him out of possession.

*March* 26, 1895. TILLINGHAST, J. An examination of the evidence in this case fails to satisfy us that the verdict of the jury is not sustained thereby. Indeed there is but very little conflict therein as to the terms of the contract

upon which the action is based, or as to the subsequent conduct of the parties thereunder.

We do not think the rulings complained of were erroneous. It was clearly competent for the plaintiff to offer evidence as to the profits he had realized from week to week, during the time he had carried on the business at the store which he had purchased by bargain, of which business and store the defendant by violating his contract had deprived him, for the purpose of showing the amount of damages which he had sustained. The evidence was admitted not to show purely future, and hence conjectural or speculative profits, but to show the actual value of the business lost by the plaintiff by reason of the breach of the contract of sale by the defendant. And it is well settled that in assessing the damages caused by the interruption or destruction of an established business, proof showing the amount of such business and the profits realized therefrom prior to the interruption or stoppage thereof is admissible. For, as said by the court in *Montgomery, etc., Agricultural Society* v. *Harwood*, 126 Ind. 440, 442, cited by defendant's counsel, "This affords some reasonable basis to reckon from, as, in case of an established business, it is reasonable to presume that, if pursued in the same manner, it will continue to yield a like profit." See also, *Simmons* v. *Brown*, 5 R. I. 299 ; *Goebel* v. *Hough*, 26 Minn. 252 ; *Chapman* v. *Kirby*, 49 Ill. 211 ; Sutherland on Damages, §§ 52, 54, 65, and cases cited ; *Terre Haute* v. *Hudnut*, 112 Ind. 542, 552–559 ; *Griffin* v. *Colver*, 16 N. Y. 489 ; *Manville* v. *Western Union Telegraph Co.*, 37 Iowa, 214 ; *Fox* v. *Harding*, 7 Cush. 516.

The cases relied on by the defendant's counsel in support of his objection to the admission of said evidence, viz., *Braunsdorf* v. *Fellner*, 76 Wisc. 1 ; *Taylor Mfg. Co.* v. *Hatcher*, 3, L. R. A. 587 ; *Howard* v. *Stillwell & Bierce Mfg. Co.*, 139 U. S. 199 ; *Denver, T. & G. R. Co.* v. *Hutchins*, 31 Neb. 572, are cases which hold in accordance with the almost uniform adjudications upon the subject, that evidence of purely prospective or speculative profits cannot as a general rule be offered for the purpose of proving damages, and

particularly that such damages as would have been realized by the plaintiff from the independent and collateral undertakings although entered into in consequence and on the faith of the principal contract, are too uncertain and remote to be taken into consideration as part of the damages occasioned by the breach of the particular contract in suit. But they all recognize the right of the plaintiff, in cases where his business has been interfered with or destroyed by a breach of contract on the part of the defendant or by the wrongful act of the defendant to show the extent of said business and the profits arising therefrom for a reasonable period next preceding the time of said breach or wrongful act. Thus, in *Howard* v. *Stillwell & Bierce Mfg. Co.*, *supra*, Mr. Justice Lamar, in delivering the opinion of the court, said : "The grounds upon which the general rule of excluding profits, in estimating damages, rests, are (1) that in the greater number of cases such expected profits are too dependent upon numerous, uncertain and changing contingencies to constitute a definite and trustworthy measure of actual damages ; (2) because such loss of profits is ordinarily remote and not, as a matter of course, the direct and immediate result of the nonfulfillment of the contract ; (3) and because most frequently the engagement to pay such loss or profits, in case of default in the performance, is not a part of the contract itself, nor can it be implied from its nature and terms . . . . But it is equally well settled that the profits which would have been realized had the contract been performed, and which have been prevented by its breach, are included in the damages to be recovered in every case where such profits are not open to the objection of uncertainty or of remoteness, or where from the express or implied terms of the contract itself, or the special circumstances under which it was made, it may be reasonably presumed that they were within the intent and mutual understanding of both parties at the time it was entered into."

In the case at bar it is clear that quite a large part of the damages sustained by the plaintiff consisted in the destruction of his business and the consequent loss thereby of his in-

come from the profits thereof, and hence was such as may fairly and reasonably be considered as naturally arising from the breach of the defendant's contract; and unless he is allowed to recover therefor, he will be denied that full and fair compensation to which the law entitles him. For the law says that everyone who breaks a contract shall pay for the natural consequences arising from the breach thereof, which must include gains prevented as well as losses sustained, provided they are reasonably certain and such as might naturally be expected to follow the breach.

The evidence offered by the defendant as to his prior experience with the plaintiff in another and entirely distinct business venture, was properly ruled out, as it manifestly could have no bearing on the questions at issue in this case.

The defendant takes the point that the damages awarded by the jury ($600) are excessive. We are not satisfied that this is so. The proof shows that the gross receipts of the store were from $7 to $11 per day when the plaintiff purchased it as aforesaid, and that the same had increased under his management, to from $75 to $120 a week when he left it, the average profits for the whole time being at least $20 a week. There is evidence also that the plaintiff had paid $405, on account of the agreed price of the store and business including the license, which sum the defendant refused to repay when he turned the plaintiff out of said store. And we cannot say that $600 is an excessive amount for the breach of a contract which resulted in the total destruction of a business that yielded this income, together with the loss of said sum of $405, advanced as aforesaid.

Petition for a new trial denied and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Willard B. Tanner, Edward L. Gannon & John E. Conley,* for plaintiff.

*Charles H. Page, Franklin P. Owen & J. Jerome Hahn,* for defendant.