SOLOMON JACOBS *vs.* THOMAS A. CROMWELL & another.

Essex. November 5, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Exceptions.

Where a bill of exceptions in an action of contract set forth a question to a witness and his answer, relating to the amount of damages to be recovered as the loss of a percentage of the proceeds from a certain fishing voyage that the plaintiff was prevented from earning, and then stated, "This question and answer were admitted against the defendant's objection, and the defendant's exceptions thereto were noted," and where the question clearly was competent but the answer was irresponsive and only could have been made competent by further evidence, it being doubtful on the record whether a separate exception was taken to the answer as distinguished from the question, and it appearing from the amount of damages awarded that the damages had not been increased by reason of the irresponsive answer, the exception was overruled on the ground that, even if the exception was taken properly, it did not appear that the defendant had been harmed by the evidence admitted.

RUGG, C. J. This is an action for breach of a contract to let to the plaintiff the charge and control of a fishing vessel for two months from February 1, 1910, to be employed in fishing on the "fifths" lay. This meant that the defendants as owners were to have one fifth of the proceeds of the catch of fish for the hire of the vessel, the other four fifths to be divided among the plaintiff as captain and the other members of the crew. The plaintiff also

was entitled to a certain percentage of the owners' share to be paid by them to him as captain. There was evidence as to the proceeds of the vessel during the two weeks she was navigated by the plaintiff under the contract.*

The only point raised on these exceptions relates to evidence. The plaintiff was asked, "What were you making on an average at that time," referring to the time when the contract was broken; to which he replied, "Well, the previous year to that I made — well, I owned my own vessel then, and I made probably $5,000 to $6,000, before that a little more. We stocked $20,000." The exceptions state, "This question and answer were admitted against the defendants' objection, and the defendants' exceptions thereto were noted."

The question was competent. The measure of damages for breach of the contract was the financial loss caused to the plaintiff thereby as a direct, natural and probable consequence. As bearing upon this matter there was probative value in evidence as to what his profits had been when conditions were reasonably similar in a like business venture. Loss of prospective business profits have been allowed as damages in earlier as well as in recent cases. *French* v. *Connecticut River Lumber Co.* 145 Mass. 261. *Loughery* v. *Huxford*, 206 Mass. 324. *Gagnon* v. *Sperry & Hutchinson Co.* 206 Mass. 547, 555. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 379, 380. There is nothing upon this record to show that the profits of this business were so uncertain or speculative as to be incapable of ascertainment. They were the kind of damages which must have been contemplated by the parties at the time the contract was made as the primary result of a breach. Profits likely to arise from whaling and fishing voyages have been the subject of judicial inquiry and evidence. *Dennis* v. *Maxfield*, 10 Allen, 138, 142. *Eldredge* v. *Smith*, 13 Allen, 140.

The difficulty arises as to the answer to the question and the form of the exception. The answer was irresponsive. It was incompetent as the record stands. Whether it could have been made competent by further evidence showing similarity of conditions and the proper deductions to be made for the difference in owner-

---

* At the trial in the Superior Court before *Hitchcock*, J., the jury returned a verdict for the plaintiff in the sum of $468; and the defendants alleged exceptions.

ship need not now be considered. Construing the record with technical accuracy, it is apparent that the answer could not have been "admitted against the defendants' objection" directed to the point that it was irresponsive because such an objection could have been made only after the answer had been made. The proper practice where an irresponsive answer has been made is for the objecting party to move to have it stricken out for that reason, and if his motion is not granted to save an exception to the refusal. *Rivers* v. *Richards,* 213 Mass. 515. We should not always be inclined to construe a record with such strictness. But it is at least open to doubt whether here a separate exception was saved to the answer as distinguished from the question. This doubt is confirmed by replies of counsel to questions put in argument at the bar. Moreover, it does not appear that the defendants have been harmed, for the damages awarded were less than they would have been if based on full credence of the testimony as to the profits of the plaintiff during the period while the contract was in force. Under these circumstances we think that the defendants must fail.

*Exceptions overruled.*

*J. M. Marshall,* for the defendants.
*M. F. Buckley,* for the plaintiff.