## C. O. BROWN *vs.* LINN WOOLEN COMPANY.

### Somerset.  Opinion December 20, 1915.

*Breach.    Damages.    Eviction.    Forfeiture.    Rent.    Subletting.*
*Trespass quare clausum.    Waiver.*

1.  The ordinary rule of damages upon an eviction is the difference between
the rental value of the premises for the balance of the term and the rent
reserved, but wherever they are appropriately declared for, the profits of
a business established upon the leased premises during the period, within
the term, of the eviction may be recovered.

2.  Profits which it is claimed would have been derived from the particular
work upon which the lessor was engaged at the time of eviction are not
within the rule.  They are too speculative and remote, dependent upon too
many contingencies to be substituted for the ordinary rule of damages.

3.  Special damages to be recoverable, must be pleaded with particularity
and certainty.

4.  A surrender of a lease by act and operation of law is effected by the
acceptance by the tenant during the term of a new lease of the premises
demised.

5.  The presumption of an intention to surrender follows such acceptance,
but if the acts of the parties to the lease taken all together, are such as
to rebut the idea of a surrender, then none ought to be presumed.

On report.  Judgment for plaintiff for $250, with interest from
the date of the writ.

This is an action of trespass by C. O. Brown, of Hartland against
the Linn Woolen Company, a corporation doing business at Hart-
land, for the unlawful eviction of the plaintiff from a saw mill in
said Hartland.  Plea, the general issue, with brief statement.  At the
conclusion of the evidence, the case, by agreement of parties, was
reported to the Law Court for determination.

The case is stated in the opinion.

*Merrill & Merrill,* for plaintiff.

*Morse & Cook,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHIL-
BROOK, JJ.

BIRD, J. This is an action of trespass quare clausum to recover
damages for an alleged unlawful eviction of the plaintiff from a
saw mill in Hartland. It is reported to this court upon the stipula-
tions following:

"1. The evidence in the preceding case of *Linn Woolen Company*
v. *C. O. Brown,* tried at the December Term, 1911, between the same
parties, is hereby made a part of this case without being reprinted.

"2. That the single fact to be determined by the Law Court is
the amount of damages to which plaintiff is legally entitled because
of being evicted from possession of the mill property in question
on August 28, 1911, said determination to be based upon so much
of the evidence in the former case, and in this case, as is legally
admissible."

The former case, *The Linn Woolen Company* v. *C. O. Brown,*
was reported to the Law Court and its determination is found in
110 Maine, 88, to which reference may be had for a statement of
all the facts establishing or tending to establish the liability of the
defendant. In *Woolen Co.* v. *Brown,* supra, it is held that there was
no forfeiture of the lease of The Linn Woolen Co., to Page for non-
payment of rent; that the right to enter for forfeiture of that lease
for breach of the covenant against subletting was waived by the
lessor, that there was no real intention on the part of Page to sur-
render the whole of the property leased to him and that subsequent
to the new lease of the novelty mill by the Woolen Company to Page,
on the twenty-eighth day of August, 1911, both the lease and the
sublease were in full force.

We fail to perceive in view of the conclusions in the former case,
what forfeiture or breach of covenant existed which warranted an
entry, by the Woolen Co. on the twenty-eighth day of August, 1911.
See *The Linn Woolen Company* v. *Brown,* supra.

The plaintiff claims first as damages, for the remainder of his term
under the sublease, the profits, which he alleges he would have made,
from sawing logs belonging to him into lathes, which he began
sawing on the day before the eviction and was intending to saw in
the mill.

The ordinary rule of damages upon an eviction is the difference between the rental value of the premises for the term and the rent reserved. Wherever they are appropriately declared for, the profits of a business established upon the leased premises during the period, within the term, of the eviction may be recovered. And evidence of past profits is admissible in determining such future lost profits. *National Fibre Board Co.* v. *Electric Co.,* 95 Maine, 318, 328, and cases cited. We do not, however, regard the profits which the plaintiff testifies he would have made from the sawing of his stock into shingles as within the rule. They are not based upon the net profits of past business. They are, we think, too speculative and remote, dependent upon too many contingencies, to be substituted for the ordinary rule of damages. The claim is akin to that for the profits of a new business, which have been denied. I Sedg. Dam. § 183. The anticipated profits of the sawing of logs taken by a trespasser were allowed as damages in *Bucknam* v. *Nash,* 12 Maine, 474, but upon the ground that it would be inequitable to leave them in the hands of the wrongdoer. But there is a further obstacle to the allowance of the profits of sawing the shingles. The declaration makes no claim for such profits as damages but claims as special damages the loss of profits accruing from his business of manufacturing sawed timber which he had theretofore conducted in the mill. Special damages to be recoverable must be pleaded with particularity and certainty. *Tyler* v. *Salley,* 82 Maine, 128, 130; *Thoms* v. *Dingley,* 70 Maine, 100, 102; *Bradbury* v. *Benton,* 69 Maine, 194, 199; *Baldwin* v. *Western R. R. Corp.,* 4 Gray, 333, 336; *White* v. *Moseley,* 8 Pick., 356; *Dexter* v. *Manley,* 4 Cush., 14, 16, 24; *Tomlinson* v. *Derby,* 43 Conn., 562; *Taylor* v. *Monroe,* Id., 36, 46; *Wabash Trust Co.* v. *Friedman,* 146 Ill., 583, 593; *Chandler* v. *Allison,* 10 Mich., 460, 475; *Houston etc., R. Co.* v. *Lackey,* 12 Tex. Civ. App., 229. In *Bucknam* v. *Nash,* 12 Maine, 474, plaintiff was allowed to recover the anticipated profits of sawing logs taken, although not specially declared for, but we think this exception to the rule, if defensible, should not be extended; see also *Brannin* v. *Johnson,* 19, Maine, 360, 361.

The plaintiff was entirely deprived of the use of the demised premises for two months and seventeen days and is entitled to recover as damages the profits which it is reasonably certain he

would have made, had he had the use of the premises during that period.   As in *National Fibre Board Co.* v. *Electric Co.,* supra, the mill did not, apparently, run every day and the other data laid before us are extremely meagre.   As it is, however, necessary for us to fix the damages, we conclude that the damages for the balance of the term of the sublease will be amply covered by the sum of two hundred and fifty dollars.

The plaintiff makes the further contention that the new lease given to Page by defendant effected a surrender of the demised premises by act and operation of law, leaving plaintiff's lease from Page in full force and establishing the relation of landlord and tenant between defendant and plaintiff under the sublease with all its incidents.   One of the latter is the right of renewal and plaintiff claims that he made seasonable demand for a renewal of this lease upon defendant which was refused with the result that he is entitled to recover damages flowing from this refusal for the period of four years.

A surrender of a lease by act and operation of law is doubtless effected by acceptance by the tenant during the term of such lease of a new lease of the premises demised.   Presumption of an intention to surrender follows such acceptance "but if the acts of the parties taken all together, are such as to rebut the idea of a surrender, then none ought to be presumed."   It is held in *The Linn Woolen Company* v. *Brown,* supra, that in the alleged acceptance of the new lease by Brown and the other acts of the parties such intention was absent, and, as already observed, that the lease and sublease were unaffected and in full force.   Such being the case, the plaintiff must look for performance of his covenant to renew to his lessor and not to defendant.

Judgment may be entered for plaintiff for the sum of $250, with interest from the date of his writ.

*So ordered.*