TIMOTHY J. GREANY & another *vs.* HAROLD F. McCORMICK.

Bristol.   October 27, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Contract,* What constitutes, To make a lease. *Damages,* In contract.

An owner of real estate signed and delivered to a man two copies of a writing stating that the owner would give to the man a lease of the real estate for a specified term at a specified rent, the premises to be heated and certain described changes to be made therein. The man signed one copy of the writing but did not deliver it to the owner. Thereafter, shortly before the time specified for the beginning of the term, the man asked the owner to get the lease to him at once. The owner left an unsigned lease with the man, who said he would examine it and " let . . . [the owner] know." Following suggestions by the man, the owner expended a substantial amount in making the changes in the premises described in the writing. Later, and after the commencement of an action by the owner for breach of the agreement to take a lease, the defendant "wanted to settle the matter because he would not be able to take the lease." No settlement was arrived at and the plaintiff let the premises to another person. The changes made by the plaintiff remained, although other changes were made for the new lessee. Thereafter the defendant told the plaintiff that he would be willing to take the lease. In the action for breach of the agreement, the statute of frauds was not pleaded. It was *held,* that
(1) The writing constituted an offer to give the defendant a lease;
(2) The defendant's conduct warranted a finding that he accepted that offer;
(3) Although the agreement at its inception was unilateral, upon acceptance it became binding upon both parties: the circumstance, that the defendant did not deliver the copy of the writing which he had signed, did not prevent the making of a binding agreement;
(4) A finding for the plaintiff was warranted.
(5) The plaintiff was entitled to recover the rent he lost between the date specified for the commencement of the lease to the defendant and the date when the second lease commenced; and also the sum expended in making changes in the premises for the defendant.

CONTRACT.   Writ in the Second District Court of Bristol dated December 4, 1928.

The answer of the defendant was merely a general denial. On removal to the Superior Court, the action was referred to an auditor, whose findings of fact were to be final. Material findings are stated in the opinion. An entry of judgment for the plaintiffs in the sum of $1,577.50, the sum found by the auditor as the plaintiffs' damages, was ordered by *Collins*, J. The defendant appealed.

*A. S. Phillips*, for the defendant.

*B. M. Hancock*, for the plaintiffs.

CROSBY, J. This is an action of contract on an alleged agreement whereby the defendant was to lease certain premises owned by the plaintiffs. The case was referred to an auditor under an agreement of the parties that his findings of fact should be final.

The auditor found as follows: " The plaintiffs are the owners of the property numbered 231 Bedford Street in Fall River. About October 16, 1928, the plaintiffs, the defendant and one Morganstein met in New Bedford and the following agreement was drawn up. ' October 16, 1928 H. F. McCormick, New Bedford, Mass. Gentlemen: We hereby agree to give you a lease on the garage located at 231 Bedford Street, Fall River, Mass., showroom and service station . . . . The lease is to be for two years beginning November 15th, 1928 and to have a two year renewal option at a monthly rental of $280.00 . . . payable in advance on the first day of each month with a ten day grace period. Same to be furnished with heat. It is agreed that the floor to be covered and the showroom also same to be painted to be agreed upon by both parties. Also a partition for the office and another partition for the parts department agreeable to both parties.' Both copies of this agreement were signed by the plaintiffs but only one [was signed] by the defendant which he . . . retained. No copy signed by the defendant was ever delivered to the plaintiffs. The property was to be ready [for occupancy] by November 15, 1928. The plaintiffs, following the suggestions of defendant, made the necessary changes and alterations at a cost of . . . $1,157.50 . . . . November 1, 1928, plaintiffs received a letter from defendant stating ' Please get

lease to me at once so that I can take it up with him.'
November 5, 1928, Timothy J. Greany took a lease to de-
fendant. This lease was not signed by any of the parties
though the plaintiffs were ready and willing to sign . . . .
This unexecuted lease was left with defendant who said he
wanted to look it over and would let them know. Nothing
was heard from defendant [by the plaintiffs] until after
December 8, 1928, the date of the writ. At which time the
defendant wanted to settle the matter because he would
not be able to take the lease having lost the agency of the
Dodge car. No settlement was arrived at and on Decem-
ber 19, 1928, an agreement for lease was given [by the
plaintiffs] to the Mack Truck Company, rent to begin Jan-
uary 1, 1929. After this the defendant told plaintiffs that
he would be willing to take the lease." The auditor further
found that the loss by the plaintiffs of rent from Novem-
ber 15, 1928, to January 1, 1929, at the rental stipulated in
the agreement, amounted to $420, that the amount ex-
pended by them for repairs and alterations was $1,157.50,
and that the total of these two items, $1,577.50, was the
amount of damage they had sustained. The auditor filed
an amended report which is in substance like the first except
that it contains the following paragraph: " January 1, 1929,
the Mack Truck Company lease began at a rental of $400
a month for the entire premises, of which the agreement
with defendant was a part. The improvements made for
defendant remained although other changes were made for
the Mack Truck Company." The trial judge denied the
defendant's motion for the entry of judgment in his favor,
and allowed the plaintiffs' motion that judgment be en-
tered in their favor on the findings of the auditor. From
the action of the judge upon these motions the defendant
appealed.

The agreement dated October 16, 1928, which was pre-
pared when the parties met on that date, constituted a
definite offer on the part of the plaintiffs to lease the prem-
ises to the defendant. Upon the findings it could have been
further found that the defendant by his conduct accepted
the plaintiffs' offer and is bound thereby. A contract exists

if a paper containing its terms is accepted. Although the agreement at its inception is unilateral, upon acceptance it becomes binding upon both parties. *Buffington* v. *McNally,* 192 Mass. 198, 201. The fact that the defendant did not sign the offer contained in the paper of October 16, 1928, will not prevent recovery by the plaintiffs where, as here, it might well be inferred that the defendant by conduct assented to its terms. His secret intention not to do so was immaterial. "Assent may be indicated by acts as well as by words . . . ." Williston on Contracts, §§ 90, 91, 91a. *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194, 197. *Bohn Manuf. Co.* v. *Sawyer,* 169 Mass. 477, 482. *Spencer* v. *Spencer,* 181 Mass. 471, 473. *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 230 Mass. 206, 222. *Houghton & Dutton Co.* v. *Journal Engraving Co.* 241 Mass. 541, 544. *Nickel* v. *Zeitz,* 258 Mass. 282, 285. *Hawkes* v. *First National Bank of Greenfield,* 264 Mass. 545, 548.

There is no error of law in the finding of the auditor on the question of damages. The general rule is that in an action of contract the damages must be the direct, natural result of the breach, and to have been in the contemplation of the parties when the contract was made as the probable result of such breach. *Swift River Co.* v. *Fitchburg Railroad,* 169 Mass. 326. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 21. *Jacobs* v. *Cromwell,* 216 Mass. 182, 183. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 280, 281. The loss of rent due to the failure of the defendant to carry out the agreement was a proper element of damages. The necessary changes and alterations in the premises made at the suggestion of the defendant could be found to have been made for his benefit and necessary for the occupation of the leased premises in the conduct of his business. The plaintiffs' motion filed in this court to increase the *ad damnum* in the writ to $2,000 is allowed.

*Judgment for the plaintiffs affirmed.*